FILED
MAR 0 1 2005
ARLEN B. COYLE, CLERK
BY_____ Deputy

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

| | |
|---|---|
| JOHN STEPHAN PARISIE | PLAINTIFF |
| VS. | CIVIL NO. 4:03CV161-P-D |
| CHRISTOPHER EPPS, ET AL | DEFENDANTS |

CONSOLIDATED WITH

| | |
|---|---|
| CHRIS LANCASTER | PLAINTIFF |
| VS. | CIVIL NO. 4:03CV177-P-D |
| CHRISTOPHER EPPS, ET AL | DEFENDANTS |

## REPORT AND RECOMMENDATION

Dr. Clyde Glenn, M..D., has moved for summary judgment in the §1983 case filed by state inmate John Parisie. Parisie, who claims he has a history of Hepatitis C, believes that Glenn has caused him to suffer liver damage, possibly cirrhosis, brought about by Glenn's prescribing Elavil and Thorazine for plaintiff's psychosis.

Hepatic Function Panels (HFP) conducted in 2002, a year before this lawsuit was filed, show Parisie's liver functioning within a normal range. HFP conducted in 2004, a year after this lawsuit was filed, show his liver functioning still within a normal range, albeit the numbers have slightly increased. Allen Hale Thompson, M.D., a physician practicing in the field of internal medicine in Greenville, Mississippi, reviewing the 2004 HFPs states, "[I]t is clear from a medical standpoint that Plaintiff's liver sustained no harm as a result of plaintiff being prescribed Thorazine and/or Elavil by Dr. Glenn."

Plaintiff quotes from various handbooks on Hepatitis C that "liver function tests do not always accurately reflect the liver condition." Parisie apparently wants further and more in depth

testing. The HFPs are, however, more accurate than Plaintiff's mere assertions that he **may** have some liver damage because of the prescribed medications. He has offered no evidence of such.

A inmate's claim for inadequate medical care will succeed only if he can prove that the denial of care constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); *Evans v. City of Marlin, Tex.*, 986 F.2d 104 (5th Cir. 1993); *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992).

Furthermore, Parisie has no right to the "best" medical treatment available. *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978)In order to maintain a viable claim for delayed medical treatment, there must have been deliberate indifference to a serious medical need which results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993). An inmate's mere disagreement with the course of medical treatment does not give rise to a constitutional claim. *Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992)

The burden of proof is on Parisie to prove his case, not upon Glenn to disprove Parisie's case. Parisie simply has no proof that he has any liver disfunction. Accordingly, it is recommended that the motion for summary judgment be granted, and Defendant Glenn be dismissed with prejudice.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the

enclosed acknowledgment form and returning it to the court within ten days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

Respectfully submitted, this 25th day of February, 2005.

_____
UNITED STATES MAGISTRATE JUDGE