UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JOHN STEPHAN PARISIE                                          PLAINTIFF

VS.                                    CIVIL ACTION NO.4:03CV161-WAP-JAD

 CHRISTOPHER EPPS, et al.                                     DEFENDANTS

REPORT AND RECOMMENDATION

The undersigned has reviewed the record in this matter, the remaining defendants' motion

for summary judgment (Doc.220) and the plaintiff's response.

Plaintiff has three groups of complaints.  He complains about the living conditions in Unit

32.  Parisie alleges the inadequacy of the classification system that led to his being in and remaining

in Unit 32 for a number of years. [1] Finally Parisie alleges that he has been denied adequate medical

care.  Parisie seeks compensatory, punitive damages and injunctive relief.

Parisie has been moved from Unit 32 since filing the suit.  He was a class member in *Presley*

*v. Epps*, Civil Action No. 4:05cv148-JAD.  While his suit was filed earlier, *Presley* was resolved

earlier and controls some of the issues in  this case.  All general injunctive relief that will be granted

regarding the running of Unit 32 has been granted, and Parisie's removal from Unit 32 would render

---

[1]He also complained about the functioning of the Administrative Remedies Program, but
the defendants involved with this program have already been dismissed.  Regardless, Parisie
cannot state a claim regarding the ARP.  "Congress requires inmates to exhaust their
"administrative remedies as are available..." 42 U.S.C. § 1997e(a).  A prison system is not
required to establish grievance procedures, and inmates do not have a basis for a lawsuit because
a prison system has no established grievance procedures or fails to adhere to it. 42 U.S.C.
1997e(b).  The Fifth Circuit has made it clear that inmates do not have a basis for a meritorious
civil rights lawsuit just because they are unhappy with grievance procedures." *Bradford v.
Kuykendall*, 2005 WL 1521016, 5(E. D. Tex.) citing G*eiger v. Gowers,* 404 F. 3d 371, 374(5th
Cir. 2005).

any claim for injunctive relief moot. *Beck v. Lynaugh*, 842 F. 2d 759, 762(5th Cir. 1987); *Cooper v. Sheriff, Lubbock County,* 929 F. 2d 1078(5th Cir. 1991). Likewise the court has not heretofore awarded punitive damages in other litigation due to these conditions and will not in this case. These issues either were or could have been raised in *Presley*. They have been resolved by the court-approved settlement in that case.

The plaintiff filed a seventy-five page complaint in this action, including approximately eleven pages of factual allegations and a three page demand for relief. He then filed a twenty page amended complaint. Notwithstanding these anything but brief allegations, he asserts that in the interest of brevity he is not making allegations against specific defendants. This is precisely what the law requires of him. Parisie is not entitled to the treatment that judges might prefer, or medical treatment or therapy equivalent to that provided by Medicaid or Medicare. Ruiz v. Estelle, 679 F.2d 1115, 1149 (5th Cir. 1982). Moreover, he has no right to the "best" medical treatment available. McMahon v. Beard, 583 F.2d 172, 174 (5th Cir. 1978). He certainly does not enjoy a right to medical treatment on demand. There were originally four doctors in this litigation. The remaining doctor, Kim, is accused specifically of 'ignoring' two high blood pressure readings in October 2002 and February 2003. She is also alleged to have been put on notice of Parisie's conditions because she gave him his "over 50" examination, and to therefore be deliberately indifferent. These allegations are not sufficient to state a cause of action much less avoid summary judgment.

The plaintiff claims that he is entitled to proceed on his claim for compensatory damages arising out of the living conditions based upon his assertion that he has shown a physical injury. The claimed physical injury is his development of hypertension while incarcerated in Unit 32. Under 42 U.S.C.A. § 1997e(e) "No Federal civil action may be brought by a prisoner confined in a jail, prison,

or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." See *Geiger v. Jowers*, 404 F.3d 371(5th Cir. 2005)(The requirement of a physical injury as a prerequisite to a claim for compensatory damages is not dependent upon the nature of the underlying constitutional claim; affirming the dismissal of a claim for First Amendment violations)**;** *Brown v. Hembest*, 2005 WL 1174661(N.D. Miss. 2005)(Pro se complaint alleging failure to prevent inmate on inmate violence dismissed partly due to failure to allege any physical injury); *Brown v. Sudduth*, 2005 WL 2406090(N.D. Miss. 2005) ("As ... Brown seeks only money damages, and as he has not alleged physical injury, his claims for compensatory damages must fail." *Id.* at 4.); *Jones v. Greninger,* 188 F. 3d 322(5th Cir. 1999)(Eighth Amendment claim for damages for failure to protect properly dismissed for failure to allege physical injury). Parisie has not produced any evidence to show that the living conditions in Unit 32 triggered his hypertension. He has failed to establish a necessary element of his claim. The claim for compensatory damages should be denied.

The undersigned recommends that the motion for summary judgment be granted and judgment entered in favor of all remaining defendants.

SO ORDERED this the 20th day of October, 2006.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE